## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| JUAN CARLOS MACIAS, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) Case No. ) |
| v. | ) ) |
| TD BANK, N.A. | ) ) |
| Defendant. | ) ) |

## CLASS ACTION COMPLAINT

Plaintiff, Juan Carlos Macias, brings this action on behalf of himself and on behalf of all persons similarly situated who incurred losses as a result of the inaccurate coin-counting Penny Arcades (defined below) provided by Defendant, TD Bank, N.A. ("TD Bank"). Plaintiff alleges as follows, based on personal knowledge, and upon information and belief as to all other matters:

## GENERAL ALLEGATIONS

1.      "Penny Arcades" are coin-counting machines designed and used exclusively by TD Bank as a service that is available to both customers and non-customers of TD Bank. Upon information and belief, Penny Arcades counts approximately 28 billion coins per year.

2.      Penny Arcades count any United States coin (except silver dollars) and it is represented by TD Bank that it can count up to 3,500 coins per minute. Users simply drop their coins into the Penny Arcade and take the receipt to a teller for cash or a deposit into a TD Bank account.

3.      Penny Arcades are integral to TD Bank's brand of "convenience." Moreover, TD Bank has created campaigns around the Penny Arcades to encourage customers and non-customers

to use the machines for coin-counting. TD Bank even promotes Penny Arcades as a green, environmentally friendly practice.

4. Penny Arcades are used throughout the year and are accessible during normal banking hours.

5. Due to the immense popularity of Penny Arcades, and high volume of coins counted by the machines, the accuracy of Penny Arcades directly impacts the customers who use the machines.

6. The use of Penny Arcades is free for all TD Bank customers. However, there is an 8% usage fee for non-customers. When non-customers bring the receipt to the teller, the 8% usage fee is deducted. If non-customers opt to open an account at TD Bank, the usage fee is waived.

7. Despite TD Bank's claim that it tests Penny Arcades at least two times a day, NBC's Today Show aired a segment on April 6, 2016, on coin-counting machine accuracy, which revealed that four Penny Arcades in the New York City area were tested and there were shortages at every machine, up to 15%. In comparison, a Penny Arcade competitor, Coinstar, tested accurately.

8. In anticipation of the television segment, on April 5, 2016, TD Bank took all Penny Arcades out of service. The Penny Arcades were taken out of service in order for TD Bank to evaluate the testing methodology to increase accuracy.

9. Upon information and belief, during the existence of Penny Arcades, TD Bank either did not accept coin deposits to be made with a bank teller, or accepted only *de minimis* amount of coins. Thus, Penny Arcades were the primary (if not only) mechanism for coin deposits.

10. Penny Arcades were never originally designed or even intended for high-volume commercial coin-counting. Upon information and belief, TD Bank Penny Arcades were originally

intended for use by children to encourage them to count their change and save their money. Nevertheless, TD Bank offered the coin-counting services of Penny Arcades to its customers, non-customers, adults and children, and represented Penny Arcade as a convenient and reliable method for coin-counting.

## JURISDICTION AND VENUE

11. Jurisdiction is proper pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d), because members of the proposed Plaintiff Class are citizens of states different from TD Bank's home state, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

12. This Court has personal jurisdiction over TD Bank, pursuant to Florida Statutes §§ 48.193(1)(a)(1), (2), and (6), because it conducts substantial business in this District, some of the actions giving rise to the Complaint took place in this District, and some of Plaintiff's claims arise out of TD Bank's operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state; committing a tortious act in this state; and causing injury to property in this state arising out of TD Bank's acts and omissions outside this state and at or about the time of such injuries TD Bank was engaged in solicitation or service activities within this state or products, materials, or things processed, serviced, or manufactured by the TD Bank anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

13. Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to these claims occurred in this District, the TD Bank has caused

harm to Plaintiff and Class Members residing in this District, and the TD Bank is a resident of this District under 28 U.S.C. 1391(c)(2) because it is subject to personal jurisdiction in this District.

## THE PARTIES

14. Plaintiff Juan Carlos Macias is a resident and citizen of Miami-Dade County, Florida. Plaintiff Macias used TD Bank's Penny Arcade at 11480 North Kendall Drive, Miami, FL, 33176 on or about March 19, 2016, which unknown at the time of the transaction, was operated by TD Bank with defects.  As a result of said defects, Plaintiff Macias was shortchanged.

15. Defendant TD Bank, N.A. is a national association, federally chartered pursuant to the National Bank Act, 12 U.S.C. § 38 *et seq*., with a principal place of business in Cherry Hill, New Jersey, authorized to do business in the State of Florida and maintaining a network of retail branches within the District.

## CLASS REPRESENTATION ALLEGATIONS

16. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on his own behalf and on behalf of the following Classes:

**NATIONWIDE CUSTOMER CLASS:**

All persons or entities who used TD Bank's Penny Arcade coin-counting services as a customer of TD Bank within four years prior to the filing of this action through the date of certification.

**FLORIDA CUSTOMER CLASS:**

All persons or entities in the State of Florida who used TD Bank's Penny Arcade coin-counting services as a customer of TD Bank within four years prior to the filing of this action through the date of certification.

17. Excluded from the Classes are: (1) TD Bank, any entity or division in which TD Bank has a controlling interest, and its legal representatives, employees, officers, directors,

assigns, heirs, successors, and wholly or partly owned subsidiaries or affiliates of TD Bank; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) governmental entities. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that the Class should be expanded, divided into additional subclasses, or modified in any other way.

## Numerosity and Ascertainability

18. This action satisfies the requirements of Fed. R. Civ. P. 23(a)(1). Plaintiff is informed and believes that there are tens of thousands of Penny Arcade users nationwide. Individual joinder of all Class members is impracticable.

19. Although the exact number of Class Members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable. The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.

20. Each of the Classes is ascertainable because its members can be readily identified using transaction receipts, account history, machine records, and other information kept by TD Bank, and/or third parties in the usual course of business, and within their control.

## Typicality

21. Plaintiff's claims are typical of the claims of the Class Members, and arise from the same course of conduct by the TD Bank. The representative Plaintiff, like all Class Members, has been damaged by TD Bank's misconduct in that he has incurred losses relating to the defective Penny Arcade machines. Furthermore, the factual bases of TD Bank's misconduct is common to

5

all Class Members and represent a common thread of misconduct resulting in injury to all Class Members. The relief Plaintiff seeks is typical of the relief sought for the absent Class Members.

### Adequate Representation

22. Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting consumer class actions.

23. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel have interests adverse to those of the Classes.

### Predominance of Common Issues

24. There are numerous questions of law and fact common to Plaintiff and Class Members that predominate over any question affecting only individual Class Members, the answers to which will advance resolution of the litigation as to all Class Members. These common legal and factual issues include the following:

   a. Whether TD Bank's Penny Arcades inaccurately provided coin-counting services;

   b. Whether TD Bank had a duty to ensure Penny Arcades were accurately counting coins;

   c. Whether TD Bank's use of Penny Arcades, which inaccurately counted coins, was a deceptive trade practice;

   d. Whether a reasonable person would likely be misled into believing the Penny Arcades accurately counted coins; and

   e. Whether Plaintiff and Class Members were damaged as a result of TD Bank's deceptive practices.

**Superiority**

25.     The common questions of law and of fact regarding the Penny Arcades and TD Bank's conduct and responsibility predominate over any questions affecting only individual Class members.

26.     Plaintiff and Class Members have all suffered damages as a result of TD Bank's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

27.     Absent a class action, Class Members would likely find the cost of litigating their individual claims prohibitively high and would therefore have no effective remedy at law. Because the damages suffered by each individual Class member may be relatively small, the expense and burden of individual litigation would make it very difficult or impossible for individual Class members to redress the wrongs done to each of them individually, such that most or all class members would have no rational economic interest in individually controlling the prosecution of specific actions, and the burden imposed on the judicial system by individual litigation by even a small fraction of the Class would be enormous, making class adjudication the superior alternative under Fed. R. Civ. P. 23(b)(3)(A).

28.     The conduct of this action as a class action presents far fewer management difficulties, far better conserves judicial resources and the parties' resources, and far more effectively protects the rights of each Class member than would piecemeal litigation. Compared to the expense, burdens, inconsistencies, economic infeasibility, and inefficiencies of individualized litigation, the challenges of managing this action as a class action are substantially outweighed by the benefits to the legitimate interests of the parties, the court, and the public of

class treatment in this court, making class adjudication superior to other alternatives, under Fed. R. Civ. P. 23(b)(3)(D).

## CAUSES OF ACTION

### COUNT I
### Violation of Florida's Deceptive & Unfair Trade Practices Act
### Fla. Stat. § 501.201, et seq.
### [Florida Class Against TD Bank]

29. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 of this Complaint.

30. The Florida Class consists of "consumers" within the meaning of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.203(7).

31. TD Bank engaged in "trade or commerce" within the meaning of Fla. Stat. §501.203(8).

32. FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce...." Fla. Stat. § 501.204(1). The TD Bank participated in unfair and deceptive trade practices that violated FDUTPA as described herein.

33. TD Bank's practice of offering the Penny Arcade as an accurate, coin-counting service is deceptive because a reasonable person would likely be misled into believing that the machines correctly count coins. Upon information and belief, Penny Arcades inaccurately count coins and shortchange consumers.

34. Moreover, TD Bank failed to disclose material information concerning the Penny Arcades, which they knew at the time of consumers' use. TD Bank withheld the fact that the Penny Arcades were malfunctioning.

8

35. TD Bank's practice of using the Penny Arcade despite its inaccuracies is also unfair and unconscionable.

36. As a result of TD Bank's deceptive, unfair and unconscionable trade practices, Plaintiff and the Florida Class have suffered damages.

37. Plaintiff and the Florida Class are entitled to recover their actual damages under Fla. Stat. §501.211(2) and attorneys' fees under Fla. Stat. § 501.2105(1), and any other just and proper relief available under FDUTPA.

## COUNT II
**Unjust Enrichment**
**[All Classes against TD Bank]**

38. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 of this Complaint.

39. Plaintiff and the Classes conferred benefits to TD Bank by receiving less in cash or a deposit than the amount of coins put into the Penny Arcades. TD Bank knowingly and willingly retained the undisclosed differences from consumers.

40. Under the circumstances, it would be inequitable for the TD Bank to retain this monetary benefit at the expense of Plaintiff and the Classes.

41. As a direct result of TD Bank's unjust enrichment, Plaintiff and the Classes have suffered injury and are entitled to reimbursement, restitution and disgorgement by TD Bank of the benefit conferred by Plaintiff and the Classes.

## COUNT III
### Breach of Implied-In-Fact Contract
### [All Classes Against TD Bank]

42. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 of this Complaint.

43. TD Bank tacitly promised Plaintiffs and the Classes, as inferred in whole or in part by its conduct, that the Penny Arcades would accurately count customers' coins.

44. By providing the Penny Arcades as a service to its customers, TD Bank understood and intended that its customers use the Penny Arcades to accurately count their coins in exchange for cash or a deposit.

45. Under the circumstances, and as customers of TD Bank, Plaintiff and the Classes presumed based on TD Bank's conduct that the Penny Arcades would accurately count customers' coins.

46. TD Bank breached the implied contract by providing Penny Arcades that inaccurately counted customers' coins.

47. As a result of TD Bank's breach, Plaintiff and the Classes were damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests that the Court enter judgment against TD Bank, which:

1. Certifies the proposed Classes, designates Plaintiff as the named representative of the Classes, and designates undersigned counsel as Class Counsel;

2. Awards to Plaintiff and the Classes compensatory, actual and other damages, including interest thereon, in an amount to be proven at trial;

3. Awards attorneys' fees and costs, as allowed by law;

4. Awards pre-judgment and post-judgment interest, as provided by law; and

5. Awards such other relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable as a matter of right on all counts in this Complaint.

Dated: April 11, 2016

Respectfully Submitted,

*/s/ Michael E. Criden*
Michael E. Criden (Florida Bar No. 714356)
Kevin B. Love (Florida Bar No. 993948)
Lindsey C. Grossman (Florida Bar No. 105185)
CRIDEN & LOVE, P.A.
7301 SW 57th Court, Ste. 515
South Miami, FL 33143
Tel.:    305.357.9000
Facs.:  305.357.9050
mcriden@cridenlove.com
klove@cridenlove.com
lgrossman@cridenlove.com

Alexander Angueira (Florida Bar No. 0716091)
ALEXANDER ANGUEIRA, P.L.L.C.
7301 SW 57th Court, Suite 515
South Miami, Florida 33143
Tel.:    305.357.9031
Facs.:  305.357.9050
alex@angueiralaw.com